UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHEILA J. KELLY,** | : | Case No. 1:09-CV-02889 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **FRESH MARKET, INC.,** | : | **MEMORANDUM & ORDER** |
| | : | |
| **Defendant.** | : | |

Before the Court is the Defendant's Motion for Summary Judgment. (Doc. 16.) For the reasons discussed below, this motion is **GRANTED**.

**I.    BACKGROUND**

This is a slip and fall case arising under Ohio law.  The Plaintiff, Sheila Kelly ("Kelly"), alleges that the Defendant, Fresh Market, Inc. ("Fresh Market"), negligently failed to maintain its premises in a reasonably safe condition, causing Kelly to suffer "serious and permanent bodily" harm, among other injuries.  (Doc. 1-1 ("Compl.") at ¶¶ 3-6.)  Specifically, Kelly claims that a "water-misting system" in the Defendant's store sprayed water on the floor, "creating a hazardous and dangerous condition." (*Id*. at ¶ 4.)  She also alleges that Fresh Market negligently failed to "take steps reasonably calculated to remove," and failed to warn of, that condition.  (*Id*. at ¶ 5.)  On June 30, 2010, Fresh Market filed the instant Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law because Kelly provided no evidence that Fresh Market had either actual or constructive notice of a hazardous

1

condition in its store, or that it created the hazardous condition about which Kelly complains. (Doc. 20 at 1.)

## II. FACTS

On May 13, 2009, Kelly entered the Defendant's grocery store in Shaker Heights, Ohio. (Compl. at ¶ 3.) Shortly after entering, Kelly claims she noticed a florist station to her right, with "a sprinkler system that kept the flowers lubricated." (*Id*.) According to Kelly, she walked about ten to fifteen steps into the store when she slipped and fell on a waxy, greasy substance, injuring her right knee. (Doc. 16-2 ("Kelly Dep. 1") at 17:9-11; 18:6-15.)[1] A Fresh Market employee from the produce department, Mike Caroll, helped Kelly up from the floor. (*Id*. at 18:16-19.) Caroll then called an assistant manager, who took an accident report. (*Id*. at 18:24-19:7.) After speaking with the assistant manager, Kelly drove home and treated herself with ice and Aleve. (*Id*. at 37:9-11.) Several hours later, Kelly claims, she was in excruciating pain and drove herself to a University Hospital Urgent Care Center, where she learned that she had fractured her patellar, or kneecap. (*Id*. at 37:12-25.) Kelly had surgery to repair her knee on May 22, 2009. (*Id*. at 40:18-20.) On October 26, 2010, she filed this suit. (*See* Compl. at 1.)

## III. STANDARD OF REVIEW

Fresh Market has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment should be granted "if the pleadings, the discovery

---

[1] Some docket entries, including this one, have two page-numbering systems, resulting in different page numbers on the same page: the page number of the original document and the page number imprinted across the top of the page by the Court's CM/ECF system. With respect to docket entries 16-2 and 20-2, which contain excerpts from Kelly's deposition transcript, some of which are produced in "Mini-script" form, the Court will refer to the original page numbers from the transcript. As for all other documents, this Order refers to the page numbers from the Court's CM/ECF system.

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing summary judgment motions, this Court must view evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court will decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252.

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the non-moving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 & n.12 (6th Cir. 1989). The moving party, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out

3

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citation omitted). The non-moving party, moreover, must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir. 2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also Anderson*, 477 U.S. at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict – whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." (emphasis in original) (internal quotations omitted)).

### IV. ANALYSIS

It is undisputed that Kelly was a business invitee. Accordingly, to prevail on her slip-and-fall negligence claim under Ohio law, Kelly must show that Fresh Market created, was aware of, or had constructive notice of a hazardous condition that caused her injury. *Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio App.1995). As discussed below, Kelly failed to provide sufficient evidence to defeat summary judgment under any of these avenues for relief. Accordingly, Fresh Market is entitled to judgment as a matter of law.

#### A. Whether Fresh Market Created the Hazard

With respect to the first avenue, Fresh Market concedes for purposes of this motion that there

may have been a substance on the floor that contributed to Kelly's fall. It argues, however, that there is no genuine issue of material fact as to Fresh Market's responsibility for that hazard because Kelly has "presented no evidence that Fresh Market actually created the hazard, and in fact, the exact origin of the hazard is still unknown." (Doc. 16 at 4.) Because Fresh Market established the absence of a genuine dispute of material fact, Kelly was required to put forth "specific facts" showing a genuine dispute regarding whether Fresh Market created the hazard. *Celotex*, 477 U.S. at 322-23; *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379-80 (6th Cir. 2007) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. [Rather,] Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact."). Because Kelly failed to set forth such facts, Fresh Market is entitled to judgment as a matter of law on this issue.

Kelly's Complaint alleges that a "water-misting system" which "kept the [Defendant's] flowers lubricated" created the hazard when it "sprayed water on the floor." (Compl. at ¶¶ 3-4.) But there is simply no evidence in the record supporting this claim. As an initial matter, Kelly attached no exhibits in support of her opposition brief, or to her Complaint. Consequently, the only evidence in the record is that submitted by Fresh Market, which includes an affidavit from a Fresh Market employee and excerpts from Kelly's deposition. Kelly's deposition testimony, moreover, reveals that the source of the hazards is *unknown* – not that it was created by Fresh Market. Kelly testified that she did not know who or what created the hazard. (Doc. 20-2 ("Kelly Dep. 2") at 46:19-21 ("Q. Do you know what caused the substance to be on the floor? A. No.").) She further testified that she could not identify the substance that caused her to slip, though "it was like a waxy, greasy substance" – not water, as she alleged in her Complaint. (*Id*. at 46:15.) Elsewhere, when asked whether she "ever c[a]me to a

conclusion or thought process as to what caused [her] to fall," she testified:

> Yeah, my thought – when I tried to get up from the floor, on the tile portion of the floor as I tried to push myself up from the floor, my hands slid, I could feel something waxy, greasy. I don't know what the substance [was] – I don't know if it was wax over wax, I don't know if it was grease, I don't know what it was, but I could feel a substance on my hands.

(Kelly Dep. 1 at 18:6-15.)

While there is no requirement that Kelly identify the hazardous substance with particularity, a more specific identification could have provided at least circumstantial evidence regarding who created it. And notably, though she alleges in her Complaint (Compl. at ¶¶ 3-4) and opposition brief (Doc. 19 at 4) that the hazard was water from a misting system, she makes no mention of this in the portions of her deposition testimony that are part of the record, nor did she submit an affidavit supporting that allegation. Instead, she speculates that the substance was, perhaps, "wax over wax" or "grease" (Kelly Dep. 1 at 18:13-14) and admits that she does not know how the substance got on the floor (Kelly Dep. 2 at 46:19-21).

Kelly's opposition brief, moreover, fails to even address this basis for liability, focusing instead on whether Fresh Market had either actual or constructive notice. The closest Kelly comes to addressing this issue is in a paragraph discussing constructive notice. There, Kelly claims, without pointing to any record evidence, that "the Floral Department, with its irrigation system, was located at the entrance and [sic] which subsequently created a hazardous condition." (Doc. 19 at 4.) This sort of bare allegation, however, is insufficient to preclude summary judgment. *See* Fed. R. Civ. P. 56(e)(2); *Allen v. C.G.S. Invs.*, No. 62947, 1992 Ohio App. LEXIS 3047, at *9 (Ohio Ct. App. June 11, 1992) (holding that "[s]peculation or conjecture on the plaintiff's part as to the culpable party who caused her fall and what caused her fall is not sufficient to submit the case to a jury" on the issue of whether the

6

defendant is liable for creating the hazard).

Because Kelly failed to set forth specific facts showing a genuine dispute regarding whether Fresh Market created the hazard, Fresh market is entitled to judgment as a matter of law on this issue.

**B.      Notice**

Where, as here, a plaintiff cannot prove that the defendant created the hazard, she may still prevail by showing that "the defendant had, or in the exercise of ordinary care should have had, notice for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." *Rodgers v. Ohio Valley Mall Co.*, No. 98-BA-18, 2000 Ohio App. LEXIS 2792, at *7 (Ohio Ct. App. June 14, 2000) (citing *Anaple v. Standard Oil Co*., 162 Ohio St. 537 (1955)).  Thus, to avoid summary judgment, Kelly needed to identify facts showing a genuine, material dispute regarding whether Fresh Market had either actual or constructive notice of the hazard.

**1.      Actual Notice**

Kelly argues that numerous facts show that Fresh Market had actual notice of the hazard.  None of her arguments are persuasive.

As an initial matter, several of the facts she relies upon are simply not in the record and, therefore, cannot be considered for the purpose of ruling on this motion.  For instance, Kelly points to Fresh Market's incident report for her accident, which states: "twisted knee when she fell on floor by floral," and that the "exact location of the incident" was "between the floral department and gift center." (Doc. 19 at 3.)  But neither the actual incident report, nor some other document containing the quoted statements, is part of the record.  Similarly, Kelly argues that there was actual notice because, upon learning that Kelly had slipped and fallen, a Fresh Market employee stated that "this store is really going to get enough of stuff being on the floor." (*Id*. at 3-4.)  Kelly also claims that a Fresh Market assistant

manager subsequently told that employee "to get away from the scene." (*Id.* at 4.) Though Kelly cites page twenty-five of her deposition transcript for both the employee's statement and the manager's response thereto, that page is not among the deposition excerpts that were made part of the record.[2] Consequently, the Court need not address whether, if properly before the Court, these facts could have precluded summary judgment.

Kelly also argues that Fresh Market had actual notice because it "placed a rug at the entrance of the establishment due to the fact that the Floral Department was located near the front door and that the Floral Department had an irrigation system." (*Id*. at 4.) Even if it were to view this evidence in the light most favorable to Kelly, however, no reasonable jury could conclude that, because Fresh Market had a rug at the entrance of its store, one of its employees knew of an offending substance on the floor nearby. Kelly speculates that Fresh Market put the rug there because the floral department, which was located near the store's entrance, "had an irrigation system." (Doc. 19 at 4.) Yet, Kelly provides no basis from which a jury could conclude that the entrance's proximity to the "irrigation system," rather than some other reason,[3] motivated Fresh Market to place the rug where it did. And in any event, even if Fresh Market's placement of the rug was motivated by its knowledge that the irrigation system created some *potential* for a hazard to arise, such knowledge is distinct from actual notice of the *specific hazard* that injured Kelly, i.e. – a greasy, waxy substance on the floor. *See Perry v. Harvard Marathon, Inc.*, Cuyahoga App. No. 86633, 2006-Ohio-2592, 2006 Ohio App. LEXIS 2462, at ¶ 22 (holding that

---

[2]As noted above, Kelly filed no exhibits. Accordingly, only those portions of her deposition transcript which Fresh Market attached to its briefs are part of the record.

[3]For example, it is not uncommon for an establishment to have a mat near its entrance as a preventative measure so that customers do not track foreign liquids, such as rainwater, throughout the store.

"evidence that Defendants' employees traversed around the [Defendant's] gas station on a daily basis and had repaired [pot] holes on previous occasions" was "not sufficient to establish actual knowledge of the same pot hole Mr. Perry fell upon.")

Because no facts in the record establish a genuine dispute of material fact about whether Fresh Market had actual notice, it is entitled to judgment as a matter of law on this issue.

### 2. Constructive Notice

Kelly also argues that Fresh Market had constructive notice of the hazard she describes. Under this avenue for relief, Ohio courts have long held that "evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477 (6th Cir. 2010) (citing *Combs*, 663 N.E.2d at 671). Because Kelly introduced no evidence of how long the substance was on the floor, Fresh Market is entitled to judgment as a matter of law on this issue.

On the issue of constructive knowledge, Kelly argues only that "the Defendant had constructive knowledge due to the fact that the Floral Department, with its irrigation system, was located at the entrance and which subsequently created a hazardous condition." (Doc. 19 at 4.) As such, she fails to even address the issue of how long the hazard existed. In addition, a detailed review of the record – which the Court has no duty to undertake[4] – confirms that there is simply no evidence on this issue. In her deposition, Kelly admitted that she did not know how long the substance was on the floor. (Kelly Dep. 2 at 46:19-47:2 ("Q. Do you know how long that substance was on the floor? A. No.").) She also conceded that she did not know whether a Fresh Market employee knew how long the hazard existed

---

[4]*Williamson*, 481 F.3d at 379-80 ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.")

9

because she "never had a discussion about that."[5] The record also contains no circumstantial evidence, such as a description of the condition of the substance, from which a jury could infer the amount of time that the hazard existed. Consequently, because Kelly provided no evidence of how long the hazard existed, Fresh Market is entitled to judgment as a matter of law on the constructive notice issue. *See Dowling*, 593 F.3d at 477.

## V.  CONCLUSION

It is clear that Kelly suffered a serious injury when she fell, and it is clear that she felt mistreated by Fresh Market management during the incident. She has the right to be unhappy on both counts. Under Ohio law, however, a plaintiff must provide evidence that, when viewed in a light most favorable to her, would allow a jury to conclude that the defendant created, was aware of, or had constructive notice of the hazard. *Id*. at 477. On the current record, there are no genuine issues of material fact as to any of these grounds for relief. Consequently, Fresh Market is entitled to judgment as a matter of law, and its Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

*s/ Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: December 20, 2010**

---

[5]It is unclear whether Kelly obtained, or even sought, discovery from Fresh Market on this issue. To the extent she did, she did not make any of the information received part of the record.